By the Court.
The two grounds of error complained of in the court of appeals were:
1. The verdict is against the weight of the evidence, and is not sustained by the evidence.
2. And that there was error in the charge of the court.
The court of appeals very fully reviewed the evidence in the case in their opinion, and on all essential points and questions of fact they find against the defendant company, and make the further finding:
“It, the dam, should have been constructed with reference to what ordinary prudence would require in its construction at that place with reference to ordinary affairs. Of course, if an extraordinary convulsion of nature, an extraordinary flood would, come down, one which ordinary prudence would not have foreseen, it would not be expected, and the defendant company would not be required to construct a dam with reference to such a flood. But it would be required and was required to construct its dam with reference to the ordinary conditions of nature, at least. And we do not find that at this time there was any extraordinary flood. It was a greater flood than they had during ordinary rains, undoubtedly, but not more than they could have anticipated. And it appears from the testimony of Mr. Gaston that there was no more water in the dam at the time it broke than they had *64 carried when they were cutting ice. So that the dam fell. We do not think it makes a particle of difference whether it was negligently constructed or not. It fell, and by its falling, and by the fact that it had gathered the waters there, and by its falling the waters were allowed to escape and injure the plaintiff, rendering the defendant prima facie liable.”
We are not disposed to question the soundness of this finding of fact, and the' conclusion of law based upon it is equally sound.
The situation at the time of the breaking of the dam was such that ordinary prudence could have guarded against it, under the finding of the court of appeals, and the breaking of the dam in such a situation would call for the application of the doctrine of res ipsa loquitur.
The error claimed touching the measure of damages as to the cost of the wall was cured by the aourt, both at the time of the admission of the evidence, and, later, in the charge.
From the finding of facts in the court of appeals substantial justice was done, and the judgment of said court is therefore affirmed.

Judgment affirmed.

Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur.